IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIGUEL VAZQUEZ,<br><br>      **Plaintiff,**<br><br>v.<br><br>J. CHAUSSE, LT. HANKS, ANTHONY WILLS, LATOYA HUGHES, and IDOC,<br><br>      **Defendants.** | Case No. 23-cv-3050-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Miguel Vazquez, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Vazquez alleges correctional officer ("C/O") J. Chausse sexually harassed him and then retaliated against him when he filed a Prison Rape Elimination Act claim.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

On September 8, 2023, Vazquez filed a motion to intervene (Doc. 1), asking the Court to intervene in a Prison Rape Elimination Act ("PREA"), 34 U.S.C. §30301, *et seq*. investigation that Vazquez had recently initiated at Menard. Because Vazquez did not file a formal Complaint, the Court directed him to respond indicating whether he intended to file a lawsuit and, if so, to submit a formal Complaint. On October 3, 2023, Vazquez filed a formal Complaint (Doc. 7). In his Complaint, Vazquez alleges that on June 25, 2023, while washing up in his cell, C/O Chausse sexually harassed him (*Id.* at p. 6). While bathing, Vazquez put a sheet up over the beds to shield his cellmate's view, leaving Vazquez's naked body exposed to the cell door. Chausse was cleaning the gallery while Vazquez bathed. Chausse picked up a hotdog and walked over to Vazquez's cell, placed the hotdog on the bars, and told Vazquez that he wanted to see Vazquez place the item in his butt (*Id.*). Vazquez was naked, with soap on his body at the time. Chausse stared at Vazquez for several seconds and walked away (*Id.*). Vazquez threw the hotdog out of his cell and requested a PREA complaint form from another correctional officer.

Since the incident, Vazquez alleges that Chausse and other correctional officers have spread the rumor that Vazquez is gay and "a rat" (*Id.*). Vazquez believes their actions are in retaliation for filing the PREA complaint. Vazquez also alleges that other inmates have attacked him because of Chausse's statements. Vazquez is unable to go to the yard or the showers due to his fear of being attacked. He has previously been attacked in the shower and the yard due to Chausse's verbal statements to other inmates (*Id.*).

## Preliminary Dismissals

Although Vazquez listed Lieutenant Hanks, Anthony Wills, Latoya Hughes, and IDOC as defendants in the case caption, he fails to include any allegations against them in his statement of claim. The named officials are supervisors, wardens, and directors at IDOC. These officials cannot be held liable simply as high-ranking officials who oversee employees, because supervisory liability does not apply to actions under Section 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Nor can those individuals be liable for simply responding to grievances. There are no allegations to suggest they participated in the harassment against Vazquez. Further, IDOC is not a proper defendant for monetary damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under [Section] 1983."). Thus, Defendants Hanks, Anthony Wills, Latoya Hughes, and IDOC are **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** **Eighth Amendment cruel and unusual punishment claim against Chausse for sexually and verbally harassing Vazquez.**
>
> **Count 2:** **First Amendment retaliation claim against Chausse for accusing Vazquez of being a snitch and gay, prompting attacks from other inmates, in response to Vazquez filing a PREA complaint.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Vazquez states viable claims under both the Eighth and First Amendments. Verbal harassment, even of a sexual or racial nature, generally does not rise to the level of a constitutional violation, though some harassment may be serious enough to constitute cruel and unusual punishment. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (simple verbal harassment, including racial and sexual harassment, does not state a claim); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (finding that verbal sexual harassment, accompanied by suggestive gestures, that created a risk both from the harasser and fellow inmates, was sufficient to proceed beyond initial review). Some threats may rise to the level of cruel and unusual punishment. *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009). "The test for what constitutes cruel and unusual punishment is an objective one. It is not the actual fear of the victim, but what a reasonable victim would fear." *Id.* (internal quotations omitted).

Chausse's alleged conduct on June 25, 2023, and his continued harassment after Vazquez filed a PREA complaint, are sufficient to state a claim at this juncture. Chausse

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

not only made a single verbal sexual statement but allegedly continued with his harassment, informing other inmates that Vazquez was a snitch and/or gay, and "putting [Vazquez's] life in danger." (Doc. 7, p. 6). *See also Irving v. Dormire*, 519 F.3d 441, 445 (8th Cir. 2008) (repeated threats of harm and offers to pay inmates to attack plaintiff enough to state a claim). Vazquez further alleges that a result of Chausse's statements, he has been attacked on several occasions by other inmates. Thus, Count 1 shall proceed against Chausse. Additionally, Vazquez adequately states a retaliation claim against Chausse in Count 2 for the same conduct committed in response to Vazquez filing a PREA complaint.

## Disposition

For the reasons stated above, Counts 1 and 2 shall proceed against C/O Chausse. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant C/O J. Chausse: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to defendant's place of employment as identified by Vazquez. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on him, and the Court will require defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Vazquez, the employer shall furnish the Clerk with his current work address, or, if not known, his

last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Vazquez, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Vazquez is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: November 29, 2023

*/s/ Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**